**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 29, 2007[*]
Decided August 30, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

No. 06-4420

| | |
|---|---|
| NATHAN J. GAUSTAD, | Appeal from the United States |
| *Plaintiff-Appellant,* | District Court for the Western |
| | District of Wisconsin |
| *v.* | |
| | No. 06 C 501 S |
| JODINE DEPPISCH and | |
| MEL PULVER, | John C. Shabaz, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Nathan Gaustad, a Wisconsin prisoner, brought suit under 42 U.S.C. § 1983 claiming that he was improperly disciplined for possessing materials from an organization associated with white-supremacist ideology. The district court, citing our decision in *Koutnik v. Brown,* 456 F.3d 777 (7th Cir. 2006), dismissed his complaint for failure to state a claim. We affirm.

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

In analyzing a dismissal under Fed. R. Civ. P. 12(b)(6), we accept as true the facts alleged in the complaint. *Richards v. Kiernan,* 461 F.3d 880, 882 (7th Cir. 2006). According to Gaustad, a guard searching his prison cell discovered materials from "Creativity Prison Ministries" that he suspected was "gang related." A gang coordinator at the prison then issued a conduct report, which is attached to the complaint and part of it, *see* Fed. R. Civ. P. 10(c); *Centers v. Centennial Mortg., Inc.,* 398 F.3d 930, 933 (7th Cir. 2005), alleging that the organization, formerly called World Church of the Creator, advocates white supremacy and has been identified by administrators as a security threat. Its members believe that "white people are the creators of all worthwhile culture and civilization" and that nonwhites are the "natural enemies of the white race." The prison accordingly disciplined Gaustad by confining him in segregation for violating Wis. Admin Code DOC. § 303.20(3), which prohibits inmates from participating in "any activity with an inmate gang" or possessing "any gang literature, creed, symbols or symbolism." An inmate gang is defined as "a group of inmates which is not sanctioned by the warden." Wis. Admin Code DOC. § 303.02(11). The parties agree, however, that after this appeal was filed the disciplinary action was expunged from Gaustad's record when it was learned that prison staff had improperly destroyed the materials before his administrative appeals were complete.

As Gaustad has explained his complaint, he claims that his right to "substantive due process" was violated because § 303.20(3) is too vague to give notice that possessing materials from Creativity Prison Ministries is punishable. In moving to dismiss, the defendants argued, and the district court agreed, that Gaustad's claim is foreclosed by our decision in *Koutnik*. In *Koutnik* we held that § 303.20(3) is not unconstitutionally vague or overbroad and also that its particular application to a prisoner who had drafted outgoing mail espousing white-supremacist ideology did not offend the First Amendment. *See Koutnik,* 456 F.3d at 783-86. Gaustad responded that *Koutnik* does not dispose of his complaint because he is bringing his vagueness challenge under the Due Process Clause and not the First Amendment. The district court rejected that argument and dismissed Gaustad's complaint because *Koutnik* holds that § 303.20(3) is not unconstitutionally vague.

On appeal Gaustad continues to characterize his claim to be that § 303.20(3) is too vague to put him on notice that his conduct was punishable. This claim is frivolous in light of our decision in *Koutnik* that § 303.20(3) is not unconstitutionally vague. *Koutnik* 456 F.3d at 783-84. Gaustad reiterates his theory that *Koutnik* is inapposite to his case because he has eschewed any reliance on the First Amendment and instead challenges § 303.20(3) as vague under the tenets of substantive due process. But Gaustad may challenge the constitutionality of § 303.20(3) solely under the First Amendment. The Supreme Court has mandated that "[w]hen a particular amendment provides an explicit textual source

of constitutional protection against a particular sort of government behavior, that amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver,* 510 U.S. 266, 273 (1994) (internal quotation marks omitted); *see Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005) ("[C]onstitutional claims must be addressed under the most applicable provision."). Thus, in *Koutnik* we applied the "*Albright* rule" and refused to also evaluate the prisoner's First Amendment challenge to § 303.20(3) under his alternative theory that the regulation violated the Due Process Clause. *See Koutnik,* 456 F.3d at 781 n.2. The result here is the same except that this time there is no First Amendment claim left to address because Gaustad has made it abundantly clear that he does not wish to premise his suit on the First Amendment.

We note for future reference that Gaustad has incurred two "strikes" under 28 U.S.C. § 1915(g) in the course of this lawsuit: one for filing a frivolous claim in the district court, and one for appealing that claim.

The judgment of the district court is AFFIRMED.